UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DORIS J. BUTLER                                                                                          PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 1:15CV159-RHW

CAROLYN W. COLVIN
Commissioner of Social Security                                                            DEFENDANT

## MEMORANDUM OPINION & ORDER

Plaintiff Doris J. Butler filed the instant lawsuit pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security. Doc. [1]. Butler was 46 years old at the alleged date of onset of disability. Doc. [8] at 85. She has a high school education and past relevant work as a shipyard laborer. *Id*. at 26, 36, 47-48, 104. Butler filed an application for disability and disability insurance benefits alleging an onset date of February 20, 2011. She alleged disability resulting from disorders of the back (discogenic and degenerative), lumbar spondylosis, radiculopathy in her lower extremities and myofascial syndrome. *Id*. at 51-52, 95-98. Her application was denied initially and on reconsideration. *Id*. at 51-53, 57-64. Butler requested and was granted a hearing before an administrative law judge (ALJ). *Id*. at 32-50, 65-67. On January 24, 2014, the ALJ issued a decision denying benefits. *Id*. at 21-28.

Butler has filed a brief in which she requests that the case be remanded to the Commissioner to evaluate further her cervical issues. Doc. [9]. Specifically, Butler argues that the ALJ erred because (1) she failed to assign controlling weight to the opinion of Butler's treating physician (Dr. Larry Henderson); and (2) because the ALJ relied on the opinions of two non-examining state agency doctors (Dr. William Hand and Dr. Thomas Tapley) and rejected the opinion of Butler's treating physician to formulate Butler's residual functional capacity (RFC).

*Id.* Also before the Court is the Commissioner's motion to affirm the decision of the Commissioner. Doc. [10]. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings. Doc. [12] & [13].

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues *de novo*, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id*.

**Treating Physician's Opinion**

Butler argues that the ALJ failed to assign controlling weight to the opinion of her treating physician, Dr. Larry Henderson.[1] According to Butler, Dr. Henderson's opinion establishes that her RFC is less than a full range of sedentary work. Moreover, Butler argues that Dr. Henderson's opinion is supported by other medical evidence of record, including the

---

[1] Dr. Henderson is incorrectly identified as "Dr. Hutcherson" in the ALJ's decision.

treatment notes of Dr. Oliver Lee Kesterson, III.

The opinion of a treating physician is to be given controlling weight if the opinion is well-supported by clinical and laboratory findings and is not inconsistent with other substantial evidence in the record.  20 C.F.R. 404.1527(d)(2); *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005).  The ALJ may accord lesser weight to a treating physician's opinion for good cause, such as where the treating physician's opinion is conclusory, not credible, or unsupported by objective medical evidence or clinical laboratory findings.  *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  "Absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)." *Id.* at 453 (emphasis in the original).  The criteria for assessing a treating physician's opinion as required by 20 C.F.R. § 404.1527(d)(2) are: (1) the physician's length of treatment of the claimant;  (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.

The ALJ is free to assign little or no weight to the opinion of any physician for good cause.  *Newton*, 209 F.3d at 455-56.  A treating physician's opinion may be rejected when the evidence supports a contrary conclusion.  *Martinez*, 64 F.3d at 176.  "If the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence form the treating physician".

*Newton*, 209 F.3d at 453.

The ALJ considered Dr. Henderson's opinion but gave it "little weight".  Doc. [8] at 26.  In a report dated September 23, 2013, Dr. Henderson opined that physical activity would greatly increase Butler's symptoms and cause distraction or total abandonment from tasks.  *Id.* at 278.  Dr. Henderson noted that future treatments may include epidural injections and pain management but that Butler declined additional surgery.  *Id.*  Dr. Henderson also stated that Butler could not sustain any form of gainful employment.  *Id.*

Dr. Henderson's opinion regarding Butler's ability to sustain gainful employment need not be considered by the ALJ, because this issue is reserved to the Commissioner.  *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).  The ALJ concluded that Dr. Henderson's opinion was not supported by the objective evidence in the record.  Doc. [8] at 26.  For example, the ALJ noted that Butler's pain appeared stable after surgery and that her doctor noted no strength loss and negative straight leg raising.  *Id.* at 26.  Medical records from Dr. Paul Fineburg from 2010 and 2011 consistently show normal muscle strength, normal gait, normal station, full range of motion and negative straight leg raising.  *Id.* at 142-43, 146, 150-51, 154-55, 169.  Butler underwent back surgery in December 2012.  *Id.* at 279.  The medical records confirm that eight months post-surgery, Butler's pain was stable on percocet with no side effects from the medications.  *Id.*  Dr. Kesterson also noted no strength loss and negative straight leg raising in a postoperative report dated March 20, 2013.  *Id.* at 266-67.  Accordingly, the ALJ demonstrated good cause for not assigning controlling weight to Dr. Henderson's opinion, and the ALJ's reasons are supported by substantial evidence.

In addition to discounting Dr. Henderson's opinion, the ALJ relied on the opinions of Dr.

William Hand and Dr. Thomas Tapley. *Id.* The ALJ found that the objective evidence supported their opinions and cited specifically to June 2012 x-rays showing normal alignment and well maintained disc spaces. In reaching his conclusions, Dr. Hand noted that Butler displayed no neurological deficit and negative straight leg raising. *Id.* at 158. Dr. Tapley recommended lifting and postural reductions but also noted that Butler had an unassisted gait and no motor loss. Finally, the ALJ considered Butler's testimony that she could attend church services and school meetings and that she could stand for 30 minutes at a time. *Id.* at 26, 41, 43. The ALJ found that these statements were consistent with the RFC assigned by the ALJ. *Id.* Based on the foregoing, the Court finds that the ALJ did not err in failing to give controlling weight to Dr. Henderson's opinion.

**<u>Non-Examining State Agency Physicians</u>**

In a related issue, Butler argues that the ALJ relied on the opinions of non-examining state agency physicians, while rejecting the opinion of Dr. Henderson, when assigning Butler's RFC. The ALJ gave "great weight" to the opinions of Dr. Hand and Dr. Tapley because the ALJ found that objective evidence supported them. Specifically, the ALJ pointed to June 2012 x-rays that showed normal alignment and well maintained disc spaces. Doc. [8] at 26. An ALJ may accept the better-supported non-examining physician's opinion over the opinion of a treating physician. *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981). Dr. Hand and Dr. Tapley each completed a function-by-function RFC evaluation. Doc. [8] a157-64, 218-22. A state agency physician's function-by-function RFC may constitute substantial evidence supporting the ALJ's findings. *See Beck v. Barnhart*, 205 Fed. App'x 207, 213-14 (5th Cir. 2006); *Kinser v. Colvin*, 2014 WL 6973022, at *3 (N.D.Tex. Dec. 9, 2014); *Brown v. Astrue*, 2009 WL 64117, at

*4 (N.D. Tex. Jan. 12, 2009); *Zeno v. Barnhart*, 2005 WL 58822, at *9 (E.D. Tex. Feb. 4, 2005). As mentioned earlier, the ALJ also considered Butler's testimony as evidence in support of the assigned RFC. Based on the foregoing, the Court finds that substantial evidence supports the RFC assigned to Butler.

IT IS THEREFORE ORDERED AND ADJUDGED that the [10] Motion to Affirm the Decision of the Commissioner is AFFIRMED.

SO ORDERED, this the 29th day of August, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE